**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | | |
|---|---|---|
| LAURENCE BURTON and JANET , BURTON, Husband and Wife | ) ) ) | |
| Plaintiffss, | ) ) | Case No. _____ |
| v. | ) ) | COMPLAINT FOR DAMAGES FOR TRUTH IN LENDING ACT |
| SHELLPOINT MORTGAGE SERVICING, BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-AB5, and BANK OF AMERICA, N.A. | ) ) ) ) ) ) ) ) ) | VIOLATIONS, DAMAGES, AND EQUITABLE RELIEF  WITH JURY DEMAND |
| Defendants. | ) ) ) | |
| _____ | ) | |

## I.      COMPLAINT

The Plaintiffs, Laurence and Janet Burton, bring this lawsuit against defendants for damages and equitable relief.

## II.      JURISDICTION

1.  Plaintiffs, Laurence and Janet Burton, are residents of Pierce County, Washington and otherwise *sui juris*.

2.  Defendants Shellpoint Mortgage Servicing, Bank of New York Mellon FKA The Bank of New York As Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, and Bank Of America, N.A. are foreign corporations but are authorized to do business in the State of Washington and are engaged in a substantial number of business transactions in Pierce County, Washington and further have

submitted themselves to the laws of this jurisdiction in filing multiple foreclosure actions in Pierce County, Washington.  In the alternative, there is diversity of citizenship because the home office of the Defendants are in other states even though they have continued to conduct business in the State of Washington in large volume.

3.   The amount in controversy without interest and costs, exceeds the sum or value specified by 28 U.S.C § 1332.

4.   This action involves the federal question in the application of rescission procedures as specified in the Federal Truth in Lending Act, 15 U.S.C. § 1635, et seq. (hereinafter referred to as TILA).

### III.   FACTUAL ALLEGATIONS

5.   On August 4, 2015, Plaintiffs sent a Notice of Rescission of a loan transaction, a copy of which is attached hereto as Exhibit "A."

6.   On September 23, 2010, Plaintiffs also sent a notice of rescission pursuant to TILA, a copy of which is attached hereto as "Exhibit B."

7.   More than twenty days have expired since the receipt of both said Notices of Rescission of the loan which was sent to Defendants via U.S. Postal Service Certified Mail Tracking No. RE452328367US (Bank of America Sept. 23, 2010), No. 70060100000318699462 (Shellpoint Mortgage Servicing), and No. 70060100000318699455 (Bank of America, N.A.) on August 4, 2015 and delivered on August 10, 2015 as depicted in the mailing confirmations attached hereto as Exhibit "C."

8.   More than twenty days have expired since the receipt of said Notice of Rescission.

9.  As set forth in TILA, and the applicable extension as provided in Regulation Z, the loan contract was cancelled upon mailing of the Notice of Rescission.

10. The loan contract was cancelled by operation of law on the date of mailing shown on Exhibit "A" and "B."

11. The note was rendered "void" by operation of law on the date of mailing shown on Exhibit "A" and "B."

12. The mortgage was rendered "void" by operation of law on the date of mailing shown on Exhibit "A" and "B."

13. Under TILA, the Defendant Bank of America and/or Bank of New York Mellon FKA The Bank of New York as Trustee for the Certificateholders of CWABS, Inc. Asset-Backed Certificates Series 2005-AB5 and/or Shellpoint Mortgage Servicing, if it is a creditor, is required to comply with the rescission within twenty days by performing three acts:

    a.    Return of the cancelled note,

    b.    Filing in the county records such instrument that would release any encumbrance or lien arising out of the cancelled loan contract, and

    c.    Payment of all money received from the Plaintiffs, on behalf of the Plaintiffs, and all money paid for fees, commissions or other compensation in connection with the alleged origination of the loan contract.

14.    The Defendant has failed and/or refused to perform it duties under TILA.

15.    By operation of law, the rescission is effective as of the date and time of mailing and no lawsuit is required by Plaintiffs and no tender of any payment is required by Plaintiffs.

3

## COUNT I – TEMPORARY AND PERMANENT INJUNCTION

16.     Plaintiffs re-allege and re-aver the foregoing paragraphs as is specifically set forth herein.

17.     This is a cause of action which seeks injunctive relief for preventing the defendants from collecting forcing, reporting, or taking any affirmative action or seeking any relief with respect to the loan contract that is referenced in the subject Notice of Rescission  (Exhibits A and B).

18.     This property is unique in that it is a residential home that is owned by the Plaintiffs and who have made a substantial investment in the property and the property contains their personal items.

19.     Plaintiffs will be irreparably damaged by the defendants in their continued pursuit of a wrongful foreclosure and are in direct violation of TILA.

20.     Defendants are proceeding with a non-judicial sale of the property despite the prohibition imposed by TILA, and as recently ruled upon by the United States Supreme Court and under Federal Reserve Regulation Z.

21.     If not enjoined, Defendants have made it clear that they are ignoring federal law and is attempting to unlawfully take this property from the Plaintiffs and casting doubt on the title that will only add to and create complexities in the title that were directly caused by the Defendants and their predecessors in interest.

22.      In order to seek legal redress, Plaintiffs have been obliged to seek the services of legal counsel and they have been obligated to pay reasonable attorney's fees expenses, and costs for which the Defendants should be responsible.

WHEREFORE, Plaintiffs prays this Honorable Court will enter an order enjoining Defendants from any use of any document, claim or instrument referenced as rescinded or cancelled in the subject Notice of Rescission, grant attorney's fees and costs, and grant such further relief as this Court may deem just and proper.

## COUNT II – MANDATORY INJUNCTION

23.   Plaintiffs re-allege and re-aver the foregoing paragraphs as is specifically set forth herein.

24.   Under TILA, Defendants Shellpoint Mortgage Servicing, Bank of America, N.A. and/or Bank of New York Mellon FKA The Bank of New York as Trustee for the Certificateholders of CWABS, Inc. Asset-Backed Certificates Series 2005-AB5, if they are creditors, are required to comply with the rescission within twenty days by performing three acts:

   a.  Return of the cancelled note,

   b.  Filing in the county records such instrument that would release any encumbrance or lien arising out of the cancelled loan contract, and

   c.  Payment of all money received from the Plaintiffs, on behalf of the Plaintiffs, and all money paid for fees, commissions or other compensation in connection with the alleged origination of the loan contract

25.   Defendants Shellpoint Mortgage Servicing, Bank of America, N.A. and Bank of New York Mellon FKA The Bank of New York as Trustee for the Certificateholders of CWABS, Inc. Asset-Backed Certificates Series 2005-AB5 failed and/or refused to perform their duties under TILA.

26.     In fact, Defendants are continuing to process an alleged foreclosure based upon a mortgage which is now void.

27.     In order to seek legal redress, Plaintiffs has been obliged to seek the services of legal counsel and she is obligated to pay reasonable attorney's fees, expenses and costs for which the Defendants should be liable.

WHEREFORE, Plaintiffs prays that this Honorable Court will enter an order requiring Defendants to return the cancelled original note to Plaintiffs, to file any documents required to release any claim of encumbrance or lien arising out of the loan contract referenced in the Notice of Rescission, and to order defendants to pay Plaintiffs all money ever received from Plaintiffs, all money earned by all parties that were paid as a commission to any parties whether previously disclosed or not, all feed in interest thereon, and grant Plaintiffs attorney's fees, expenses and costs of this action and grant such other relief as the Court may deem just and proper including, but not limited to an accounting of all money paid or received as compensation arising out of the execution of instruments by Plaintiffs relating to the loan contract that was referenced in the subject Notice of Rescission.


Respectfully Submitted this  27th  day of October 2015.

NATURAL RESOURCE LAW GROUP PLLC


By__/s/Jill J. Smith_____
Jill J. Smith, WSBA #41162
5470 Shilshole Ave. NW Suite 520
Seattle, WA 98107
(206) 227-9800 phone
(206) 466-5645 fax
*Attorney for Plaintiffs Laurence and Janet Burton*