Daniel J. Gibbons, WSBA # 33036
Steven J. Dixson, WSBA # 38101
WITHERSPOON · KELLEY
422 West Riverside Avenue, Suite 1100
Spokane, WA  99201-0300
Telephone:  (509) 624-5265
Facsimile:   (509) 458-2728
djg@witherspoonkelley.com
sjd@witherspoonkelley.com

*Attorneys for Defendants Bank of America,
N.A. and Bank of New York Mellon fka the
Bank of New York as Trustee for the Certificate
Holders of the CWABS, Inc., asset-backed
Certificates, Series 2005-AB5*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| LAURENCE N. BURTON and JANET K. BURTON, husband and wife,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>SHELLPOINT MORTGAGE SERVICING, THE BANK OF NEW YORK MELLON, fka The Bank of New York as Trustee for the Certificate Holders of the CWABS, Inc., asset-backed Certificates, Series 2005-AB5, and BANK OF AMERICA, N.A.<br>　　　　　Defendants. | Case No. 3:15-cv-05769 RBL<br><br>DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT<br><br>NOTE ON MOTION CALENDAR:<br><br>**FEBRUARY 19, 2016** |

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' COMPLAINT- 1
Case No. 3:15-cv-05769 RBL
S1343283

WK **WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100　　Phone: 509.624.5265
Spokane, Washington 99201-0300　　　Fax: 509.458.2728

# I. INTRODUCTION.

This case is the latest in a string of cases filed by Plaintiffs where they seek to avoid the consequences of defaulting on their home loan.  In this suit, their third filed against these defendants[1], Plaintiffs are now attempting to get around their default and the consequences of same by alleging that they sent a notice of rescission to Defendants in 2015, and a prior notice in 2010, thereby cancelling their loan.  Plaintiffs operate under the mistaken impression that if they send in a "Notice of Rescission" under the Truth in Lending Act ("TILA"), and Defendants fail to respond within 20 days, then their loan is cancelled by operation of law and the Note was rendered "void."   Plaintiffs seek, without any support in law or fact, injunctive relief requiring Defendants to return the Note, release any lien against the property, and return all monies received from Plaintiffs.  Plaintiffs are asking this Court for a free house, and their claims are nothing more than a manufactured argument, bereft of any support.  The inescapable shortcoming with Plaintiffs' case is obvious, namely they are not permitted to rescind their loan over ten years after it was originated, nor can they get a free home without tendering the amount they received from defendants pursuant to the loan.  Further, Plaintiffs filed a prior suit against the same Defendants which also sought to challenge certain aspects of their loan and the servicing thereof, which was dismissed with prejudice.  Consequently, Plaintiffs' instant

---

[1] "Defendants" shall refer to Bank of America, N.A. (also "BANA") and The Bank of New York Mellon (also "BNYM").

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' COMPLAINT- 2
Case No. 3:15-cv-05769 RBL
S1343283


WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

Complaint is barred, in its entirety, under the doctrines of res judicata and claim splitting.

Plaintiffs' Complaint conveniently makes no reference to the underlying loan, when it was originated, or Plaintiffs' prior suits against Defendants.  This is by design, as Plaintiffs are certainly well aware that their instant claims are utterly without merit.  Indeed, Plaintiffs' counsel has filed virtually identical frivolous claims numerous times in Washington on behalf of other clients.  Counsel has filed no less than three separate actions raising the same claims over another property, one of which is presently pending in the Western District, as well as identical claims on behalf of the same client as to a second property which she owns, which is also pending in the Western District.[2]  In short, Plaintiffs' baseless attempt to avoid foreclosure as well as to avoid their loan obligations altogether should not be tolerated, and their claims should be rejected.  Finally, Plaintiffs' claim also fails because they do not allege a willingness or ability to tender of the loan proceeds back to the lender.  In short, Plaintiffs cannot seek to rescind their loan nearly ten years after origination under TILA, and the instant suit must be rejected.  Plaintiffs' claims fail as a matter of law, and the Court should grant Defendants' Motion to Dismiss without leave to amend.

## II.  FACTS.

Plaintiffs obtained a $336,400 loan from Pierce Commercial Bank ("Pierce") on or about

---

[2] See Western District at 2:15-cv-01685-JLR, and 2:15-CV-01754-TSZ for two pending matters filed by counsel which raise the exact same frivolous claims as are being raised herein.

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' COMPLAINT- 3
Case No. 3:15-cv-05769 RBL
S1343283



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300         Fax: 509.458.2728

October 11, 2005 (the "Loan") to purchase real property located at 4124 88th Street East, Tacoma, WA 98446 (the "Property"). Compl. ¶¶ 8-9. The Loan was secured by a Deed of Trust ("DOT") recorded on October 28, 2005, which identifies Pierce as the Lender and First America Title Insurance as the Trustee. Declaration of Daniel J. Gibbons ("Gibbons Decl."), Ex. A ("DOT"). On January 26, 2006, Pierce recorded a Corporation Assignment of Deed of Trust, which transferred beneficial interest in the Deed to Mortgage Electronic Registration Systems, Inc. ("MERS"). *Id.*, Ex. B ("Assignment of DOT"). Thereafter, Pierce County changed the mailing address for the Property to 8807 41St Ave E, Ste 700 PMB 1, Tacoma, WA 98446. BAC Home Loans Servicing, LP ("BACHLS") recorded a Loan Modification Agreement to reflect this change in address on January 19, 2011. *Id.*, Ex. C. ("Loan Modification Agreement"). On October 17, 2011, MERS recorded an Assignment of Deed of Trust, transferring beneficial interest in the DOT to the investor, Bank of New York Mellon ("BNYM"). *Id.*, Ex. D ("2nd Assignment of DOT"). Plaintiffs do not allege that any foreclosure sale has been initiated, although they allege that the new servicer, co-defendant Shellpoint Mortgage Servicing ("Shellpoint"), sent them a Notice of Default on or about August 19, 2014. Compl. ¶ 38.

Plaintiffs filed their first Complaint on or about March 25, 2013, and after that case was removed to federal court, Plaintiffs agreed to a stipulated dismissal as they agreed to mediate under the Foreclosure Fairness Act with BANA. Pierce County Case No. 13-2-07544-2, Dkt 1;

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' COMPLAINT- 4
Case No. 3:15-cv-05769 RBL
S1343283



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

Western District Case No. 3:13-cv-05368- RBL, ECF 15.  Thereafter, they filed their second suit against defendants BANA, Resurgent Mortgage Servicing, Resurgent Capital Services, L.P., Shellpoint, and BNYM on or about October 14, 2014 in Pierce County Superior Court, which was also removed to Federal Court on December 31, 2014.  Pierce County Case No. 14-2-12817-2, Dkt. 1; Western District Case No. 3:14-cv-06027-RBL.  In that case, Plaintiffs asserted two separate claims.  First, they alleged that the defendants violated the Deed of Trust Act and Foreclosure Fairness Act. Id., Compl. ¶¶ 39-46.  Second, Plaintiffs allege that defendants violated the Consumer Protection Act. *Id.* ¶¶ 47-52.  BANA filed a Motion to Dismiss, to which Plaintiffs failed to respond, and the Court issued an Order dismissing the suit **with prejudice**.  ECF 17.  Now, Plaintiffs bring the instant suit- their third- where they have switched tactics in a last ditch desperate attempt to avoid their responsibilities under the Note and DOT.  Plaintiffs' claims, however, fail as a matter of law and must be dismissed as to Defendants.

### III. EVIDENCE RELIED UPON.

This Motion to Dismiss relies upon the allegations in the Complaint and the undisputed recorded documents, of which the Court may take judicial notice.[3]

---

[3] The Court may take judicial notice of publicly recorded documents and may consider the documents without turning this motion into a motion for summary judgment. *See, e.g., Shaw v. Hahn*, 56 F.3d 1128, 1129 n. 1 (9th Cir. 1995); *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (court may consider documents to which the complaint "refers extensively" or "form the basis of the Plaintiff's claim"); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' COMPLAINT- 5
Case No. 3:15-cv-05769 RBL
S1343283



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300         Fax: 509.458.2728

### IV. ISSUE.

Whether the Court should dismiss the Complaint in its entirety for failure to state a claim upon which relief can be granted.

### V. ARGUMENT.

**A.  Legal Standard.**

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to provide "'a short and plain statement of the claim showing that [he] . . . [is] entitled to relief' to 'give the defendant[s] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  Claims that fail to meet this standard must be dismissed under Federal Rule of Civil Procedure 12(b)(6).

While these rules do not require heightened fact pleading, they do require that a complaint contain sufficient factual allegations, which, accepted as true, state a claim for relief "'that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  Where, however, the Plaintiff fails to "nudge[] [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570.  This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility

---

(9th Cir. 1998) ("A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the Plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.").

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' COMPLAINT- 6
Case No. 3:15-cv-05769 RBL
S1343283



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300         Fax: 509.458.2728

that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Iqbal*, 129 S. Ct. at 1949. Indeed, where there is an "obvious alternative explanation" for the conduct alleged, the complaint should be dismissed. *Id*. at 1951. Therefore, to survive a motion to dismiss under Rule 12(b)(6), the Plaintiff must provide more than just "labels and conclusions"; rather, he must provide the grounds of his entitlement to relief. *Twombly*, 550 U.S. at 555 ("formulaic recitation of the elements of a cause of action will not do.").

Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949-50 ("threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice[;] only a complaint that states a plausible claim for relief survives a motion to dismiss."). While legal conclusions may establish the complaint's basic framework, "they must be supported by factual allegations." *Id*. at 1950.

Where it is clear amendment would be futile, the court may dismiss the Complaint without leave to amend. *See Havas v. Thorton*, 609 F.2d 372 (9th Cir. 1979). Because no amendment will cure their claims' deficiencies, the Court should grant Defendants' Motion to Dismiss with prejudice.

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' COMPLAINT- 7
Case No. 3:15-cv-05769 RBL
S1343283



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300   Fax: 509.458.2728

### B. Plaintiffs' Claims Are Barred By Res Judicata.

The claims for injunctive relief which Plaintiffs assert in this case relate to their 2005 Loan and their attempt to rescind same, which they allege they first attempted to do in 2010. Compl. ¶ 6, Ex. B. Accordingly, Plaintiffs admit that they were aware of whatever grounds for rescission they had no later than September 23, 2010 when they allege they sought to rescind. *Id*. As noted above, Plaintiffs previously filed suit raising allegations concerning their Loan in October 2014, over four years after they sent a purported notice of rescission. Because Plaintiffs' instant suit relates to the same Loan and Property that was the subject of the prior 2014 Action and that matter was dismissed ***with prejudice***, the instant Complaint is precluded under the doctrine of res judicata.

It is a well-established tenet of Washington Law that litigants are precluded from "claim splitting" (i.e. filing two separate lawsuits based on the same events). *Landry v. Luscher,* 95 Wn. App. 779, 780 (1999) (citation omitted). The rule acts to prevent a claimant from splitting a single cause of action or claim and pursuing the split claim in successive suits: "Such a practice would lead to duplicitous suits and force a defendant to incur the cost and effort of defending multiple suits." *Id.* at 782 (citation omitted). The rule is "in accord with the general rule that if an action is brought for part of a claim, a judgment obtained in the action precludes the plaintiff from bringing a second action for the residue of the claim." *Id.* Plaintiff is barred by claim splitting rules from litigating over the same facts in this later suit.

The prohibition against claim splitting is tied to the concept of res judicata. It is well established that the doctrine of res judicata bars the re-litigation of claims that were raised, **or**

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' COMPLAINT- 8
Case No. 3:15-cv-05769 RBL
S1343283



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

1  **could have been raised**, in a previous litigation that was resolved on the merits.  As

2  summarized in *Martin v. Wilbert*, 162 Wash. App. 90, 94-95, 253 P.3d 108 (2011):

> Under the doctrine of res judicata, no party may re-litigate "claims and issues that were litigated, or might have been litigated, in a prior action." *Pederson v. Potter*, 103 Wash. App. 62, 69, 11 P.3d 833 (2000).  The doctrine "'puts an end to strife, produces certainty as to individual rights, and gives dignity and respect to judicial proceedings.'"  *Marino Prop. Co. v. Port Comm'rs*, 97 Wash. 2d 307, 312, 644 P.2d 1181 (1982) (quoting *Walsh v. Wolff*, 32 Wash. 2d 285, 287, 201 P.2d 215 (1949)).  Res judicata applies "where a prior final judgment is identical to the challenged action in '(1) subject matter, (2) cause of action, (3) persons and parties, and (4) the quality of the persons for or against whom the claim is made.'"  *Lynn*, 130 Wash. App. at 836, 125 P.3d 202 (quoting *Loveridge v. Fred Meyer, Inc.*, 125 Wash. 2d 759, 763, 887 P.2d 898 (1995)).

*See also Stevens County v. Futurewise*, 146 Wash. App. 493, 502, 192 P.3d 1 (2008) (the doctrine of res judicata bars parties from re-litigating claims that were raised or could have been raised in an earlier action); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002)  (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)).

The doctrine of res judicata precludes a plaintiff from adding new factual allegations to the already litigated claim in order to obtain previously denied relief.  If the elements of res judicata are satisfied, the doctrine will act to extinguish a subsequent claim by a plaintiff even if such plaintiff is prepared "(1) to present evidence, grounds or theories of the case not presented in the first action, or (2) to seek remedies or forms of relief not demanded in the first." *Id.* at 783 (citing Restatement (Second) of Judgments §25 (1982)).  "The general doctrine is that the plea of res judicata applies not only to points upon which the court was actually required by the parties to form an opinion and pronounce judgment**, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence,**

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' COMPLAINT- 9
Case No. 3:15-cv-05769 RBL
S1343283



422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300           Fax: 509.458.2728

1  **might have brought forward at the time.**" *Currier v. Perry*, 181 Wash. 565, 569, 44 P.2d
2  184, 185-186 (1935) (emphasis added).

3  Each of the above elements are met in the instant case. <u>First</u>, the parties are the same, or in privity with, the parties to the October 2014 lawsuit. The Plaintiffs are the same, and they named their servicer, Shellpoint, as well as BANA and the investor BNYM as defendants in both cases. *See* Complaint filed Pierce County Superior Court Case No. 14-2-12817-2; Western District Case No. 3:14-cv-06027-RBL. Regarding the <u>second</u> and <u>third</u> prongs, the two actions share the exact same subject matter, the Loan and the Property purchased by Plaintiffs. It is not necessary that the actual claims for relief be precisely identical if the subsequent action arises from the same "nucleus of facts" and would impair the rights established in the first judgment. *Landry,* 95 Wn. App. at 784. In other words, the instant claims should still be barred if they are ones which could have been asserted in the first suit. That is clearly the case here as Plaintiffs readily admit that they sought to rescind back in 2010, four years before their first suit and over five years before the instant suit. As such, they were surely aware of whatever grounds they had for seeking rescission at the time they purportedly requested rescission. Finally, the <u>fourth</u> element is met because Plaintiffs and Defendants were necessarily adverse to each other in the 2014 lawsuit and remain so here.

Therefore, the doctrine of res judicata bars all of the claims being asserted in the present lawsuit because they could have been litigated in the previous lawsuit. In order to "put an end to strife, produce certainty as to individual rights, and give dignity and respect to judicial

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' COMPLAINT- 10
Case No. 3:15-cv-05769 RBL
S1343283

**WK WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300         Fax: 509.458.2728

proceedings," this Court should dismiss Plaintiff's Complaint in its entirety on the grounds of res judicata. *Marino Prop. Co.*, 97 Wash. 2d at 312.

### C. Plaintiffs' TILA Claims Are Time-Barred and Fail As A Matter of Law.

Further, even if Plaintiffs' instant claims were not barred by the doctrines of res judicata and claim splitting, they would still fail as a matter of law because they are unmistakably time-barred. Although Plaintiff's two causes of action are styled as being requests for injunctive relief, in reality both claims are premised on Plaintiffs' attempt to seek rescission of their Loan under TILA. Compl. ¶¶ 6-15. In short, Plaintiffs allege that because they sent in a rescission letter in 2010, five years after origination of their Loan, and then further sent in a second rescission later in 2015, nearly ten years after origination, the Loan is no longer enforceable and they are entitled to injunctive relief releasing the lien and also ordering repayment of all payments made on same. *Id*. Plaintiffs' claims, however, fail on multiple levels, as they are both time-barred and also fail for lack of tender.

#### 1. Plaintiff's Claims Are Time-Barred.

As noted above, Plaintiffs allege that they sent in a rescission letter for their Loan first on September 23, 2010, and then sent in a second such letter on August 4, 2015, which they believe served to rescind their Loan upon delivery to Defendants.[4] Compl. ¶¶ 5-12. They allege

---

[4] Initially, it should be noted that the text of Plaintiffs' September 23, 2010 rescission letter does not support their position, as such letter does not even appear to be an attempt at rescission under TILA. First, the letter is not entitled "Notice of Rescission" as was their August 4, 2015 letter. Second, the content of such letter does not unambiguously state that they are rescinding under TILA. Rather, it is entitled "Presentment Letter", and states that Plaintiffs have

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' COMPLAINT- 11
Case No. 3:15-cv-05769 RBL
S1343283



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300        Fax: 509.458.2728

that Defendants only had twenty days to respond and contest the rescission, which they failed to do. *Id*., ¶ 8.  In so alleging, Plaintiffs conveniently fail to mention when their Loan was originated, as doing so would have revealed that their claims are unmistakably time-barred, and their attempt to rescind the Loan was ineffective.

Under TILA, an obligor has a right to rescind a refinance loan for three days after the loan transaction is finalized.  15 U.S.C. § 1635(a); 12 C.F.R. § 226.23.  If a creditor fails to make material disclosures, including disclosure of the right to rescind, the consumer's ability to rescind is extended for up to three years.  *Id*.  TILA provides that if a creditor fails to make the required TILA disclosures, including providing the obligor with a notice of right to cancel, the obligor's right to rescind is extended and "shall expire three years after the ***date of consummation of the transaction*** …."  15 U.S.C. § 1635(f) (emphasis added); 12 C.F.R. § 226.23(a)(3).  The "date of consummation" of the transaction is considered to be when the loan is created.  *See, e.g.*, 12 C.F.R. § 226.2(a)(13) ("Consummation means the time that a consumer becomes contractually obligated on a credit transaction").[5]  Accordingly, absent any TILA

---

"questions and concerns as to the validity of the lien", and therefore they are requesting certain information about their Loan.  As such, BANA would contest that this was not in fact an effective attempt at rescission under TILA.  However, even assuming this letter could be construed as an attempt at rescission, Plaintiffs' claims would still be time-barred as explained herein.

[5] In *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 118 S. Ct. 1408 (1998), the Supreme Court noted that Section 1635(f) apparently reflected a Congressional intent to "circumscribe" the risk of rescission by enacting Section 1635(f) that "permits no federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run." *Id.* at 419.

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' COMPLAINT- 12
Case No. 3:15-cv-05769 RBL
S1343283



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

violation at Loan origination, Plaintiffs had three days, not three years, to properly exercise a right to cancel. 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a)(3).  Further, even if Plaintiffs had alleged such a TILA violation at origination, their right to rescind the Loan expired no later than three years after the Loan agreement was consummated. *Beach v. Ocwen Federal Bank*, 523 U.S. 410 (1998).  In *Beach*, the Supreme Court construed the rescission language of TILA and its implementing Regulation Z, noting that the provision "talks not of a suit's commencement," like the typical statute of limitations, but "of a right's duration." *Id*. at 416.  Ultimately, the Supreme Court ruled that a borrower's federal right to rescind under TILA is extinguished at the end of the three year period set forth in § 1635(f) and cannot be raised after such date, defensively or otherwise.

Further, while there is a split of authority in the country, the majority of cases, including many in the Ninth Circuit, have held that lawsuits for rescission under TILA must be ***filed*** within three years of the loan consummation regardless of whether the purported "notice of rescission" was given within that three-year period. *McOmie-Gray v. Bank of America*, 667 F.3d 1325 (9th Cir. 2012)(court concluded that the right to rescind expires as a matter of law unless a lawsuit for rescission is filed before the expiration of three years after the date of the consummation of the loan, even if notice of the request to rescind is given to the lender within that three year period); *Smith v. GMAC Mortg., LLC,* 2010 WL 1525101,*4 (E.D. Cal. 2010); *Falcocchia v. Saxon Mortg., Inc.,* 709 F. Supp. 2d 860, 868 (E.D. Cal. 2010); *Ramos v. Citimortgage, Inc.*, 2009 WL 86744, *3 (E.D. Cal. 2009) (despite providing notice of intent to rescind given within three years of loan consummation, no claim to effectuate rescission when

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' COMPLAINT- 13
Case No. 3:15-cv-05769 RBL
S1343283



422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

plaintiff filed suit outside three years from date of the transaction).

Here, Plaintiffs' Complaint is devoid of any allegations from which the Court could conclude that there was any material failure to provide disclosures required under TILA. For instance, Plaintiffs do not allege that they failed to receive the material terms of the Loan, or that they were not provided notice of their right to cancel. *See* Compl. Accordingly, they only had three days to seek rescission of the Loan under TILA. Further, even assuming *arguendo* that Plaintiffs had properly alleged a TILA violation as part of their loan, they still would have – *at most*- three years from the date of origination in order to seek rescission. Here, the date of consummation of Plaintiffs' Loan was October 11, 2005. Gibbons Decl., Ex. A. Hence, Plaintiffs' deadline to sue for rescission under TILA expired three days later. However, giving Plaintiffs every benefit of the doubt and assuming they could establish a TILA violation, any attempt to rescind must have been filed no later than three years after origination, or by October 11, 2009.

Plaintiffs, however, did not file suit until October 27, 2015, ten years after the origination of the Loan and over six years after the statute of limitations for seeking rescission under TILA had expired. It also bears repeating that Plaintiffs did not bother to send in their rescission notice until, at the earliest, September 23, 2010. Accordingly, even if the Ninth Circuit were to change course and adopt a position that a rescission suit is timely so long as the notice was sent within three years, Plaintiffs' claims would still be time-barred. Thus, there can be no credible argument refuting that Plaintiffs' right to rescind has long since passed. Finally, Plaintiffs cannot be permitted to conduct an end-around the TILA statute of limitations by

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' COMPLAINT- 14
Case No. 3:15-cv-05769 RBL
S1343283



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300   Fax: 509.458.2728

instead styling their claims as being for injunctive relief when in reality their claims are undeniably based on their defective TILA rescission argument. This conclusion is further supported by the fact that injunctive relief is not even a remedy provided by TILA. 15 U.S.C. §1640(a); *Alexander v. Wells Fargo Bank, N.A.*, 2015 U.S. Dist. LEXIS 116492 (W.D. Wash. 2015).

In short, as there can be no question that their claims against Defendants are time-barred, the instant Complaint must be dismissed with prejudice.

**2.    Plaintiffs Cannot Support an Allegation of Tender With Evidence.**

Further, even assuming that Plaintiffs' TILA based claims were not time-barred, their purported attempt to rescind their Loan still fails. Plaintiffs have still not made a credible allegation of tender in their Complaint, and are not excused from doing so.

A claim for rescission under TILA requires a plaintiff to prove she can or will tender the borrowed funds back to the lender. *Yamamoto v. Bank of New York,* 329 F.3d 1167, 1171 (9th Cir. 2003) ("Rescission should be conditioned on repayment of the amounts advanced by the lender"); *Joern v. Ocwen Loan Servicing, LLC,* 2010 WL 2813769, *4 (W.D. Wa. 2010) ("Plaintiff must allege an ability to tender in order to state a claim for rescission under TILA."). A court may properly dispose of a plaintiff's TILA claim where the plaintiff fails to allege tender, before even deciding if there is any TILA violation. *See e.g., Yamamoto*, 329 F.3d at 1169-73.

Accordingly, if borrowers choose to rescind a loan, they must repay the loan proceeds they received from the lender. In the event of rescission, borrowers are not afforded the right-

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' COMPLAINT- 15
Case No. 3:15-cv-05769 RBL
S1343283



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300        Fax: 509.458.2728

as Plaintiffs apparently seek to do here- to simply walk away from the Loan, while at the same time both keeping the Loan proceeds, and also further requesting return of all sums they paid on the Loan over the past ten years. Such a position is, frankly, absurd and must be rejected. Thus, even if Plaintiffs were able to raise a timely rescission claim- which they cannot- same would still fail absent a demonstration by Plaintiffs that they can and will tender return of the borrowed funds back to lender and surrender possession of the Property. They have not alleged tender in the Complaint, and therefore their claims fail for this additional reason and must be dismissed.

**C.    BANA Is Not a Proper Party to This Action Because It Lacks Any Competing Ownership or Possessory Interest in the Property.**

While Plaintiffs are ostensibly seeking injunctive relief, they are also in effect seeking to quiet title to the property. The Complaint on its face makes it clear that they are seeking to have the cancelled note returned, and want Defendants to be ordered to file in the court records "such instrument that would release any encumbrance or lien arising out of the cancelled loan contract…." Compl. ¶ 13. In other words, Plaintiffs are seeking a free house, free of any lien held by any third party, despite the fact that they failed to repay their Loan. Such a blatant attempt to avoid their obligation to repay their Loan and enjoy the continued use of the Property without repayment must be rejected, both because their claims cannot succeed, and also because BANA is not a proper party to such an attempt.

An action to quiet title, as plaintiffs are doing here, is an equitable action, "designed to resolve competing claims of ownership[ ] . . . [or] the right to possession of real property." *Kobza v. Tripp*, 105 Wn. App. 90, 95, 18 P.3d 621 (2001) (emphasis added). *See also*

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' COMPLAINT- 16
Case No. 3:15-cv-05769 RBL
S1343283



422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300           Fax: 509.458.2728

*Robertson v. GMAC Mortg., LLC*, Case No. C12-2017-MJP, 2014 WL 2207505, at *3 (W.D. Wash. May 28, 2014) (applying Washington law).  Deeds of trust and mortgage loan instruments do not convey any ownership interest in or right to possession of, but rather create only secured liens on, the subject real property.  RCW 7.28.230(1) (stating in relevant part that "a mortgage of any interest in real property shall not be deemed a conveyance so as to enable the owner of the mortgage to recover possession of the real property, without a foreclosure and sale according to law."); *State v. Superior Court*, 170 Wn. 463, 467, 16 P.2d 831 (1932) ("The law is well settled in this state that a mortgagee of real property is not entitled by virtue of the mortgage . . . to the possession of the mortgaged property. Under our statute . . . the mortgage is only a lien upon the property to secure payment of the mortgage debt.").

Here, Plaintiffs do not allege that there has been a foreclosure sale, *see generally* Compl., and therefore, as a matter of law none of the Defendants assert the sort of "competing claim of ownership[ ] . . . [or] the right to possession of" the Property that might support a quiet title action. *Cf. Kobza*, 105 Wn. App. at 95.  As such, Plaintiffs have not – and cannot – allege that BANA has any competing claim for ownership of the Property and the Court should dismiss BANA from Plaintiffs' instant suit. *Robertson*, 2014 WL 2207505, at *3; see also, e.g., *Bridgeman v. United States*, No. 2:10-cv-01457 JAM KJN PS, 2011 U.S. Dist. LEXIS 6059, at *52 (E.D. Cal. Jan. 21, 2011) (dismissing quiet title claim where statute required plaintiff to "name as defendants . . . the persons having adverse claims to the title of the plaintiff" and defendant mortgage servicer "claim[ed] no interest of any type in the [subject] property.").

As this is an error which cannot be corrected by any additional facts, the Court should

DEFENDANTS' MOTION TO DISMISS
PLAINTIFFS' COMPLAINT- 17
Case No. 3:15-cv-05769 RBL
S1343283



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

dismiss BANA from this action with prejudice on this additional ground.

## VI. CONCLUSION.

For all these reasons, Plaintiffs' Complaint fails to state a single viable cause of action against Defendants. Defendants, therefore, respectfully requests that the Court grant their Motion to Dismiss the Complaint, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted this 28th of January, 2016.

WITHERSPOON KELLEY

By:   *s/* Daniel J. Gibbons
Daniel J. Gibbons, WSBA No. 33036
djg@witherspoonkelley.com
Steven J. Dixson, WSBA #38101
sjd@witherspoonkelley.com
Witherspoon Kelley
422 West Riverside, Suite 1100
Spokane, WA 99201-0300
Telephone: 509.624.5265
Facsimile: 509.458.2728

*Attorneys for Defendants Bank of America, N.A. and Bank of New York Mellon fka the Bank of New York as Trustee for the Certificate Holders of the CWABS, Inc., asset-backed Certificates, Series 2005-AB5*

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT- 18
Case No. 3:15-cv-05769 RBL
S1343283

WK WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300   Fax: 509.458.2728