THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAURENCE N. BURTON and JANET K. BURTON, Husband and Wife,<br><br>Plaintiffs,<br>v.<br><br>SHELLPOINT MORTGAGGE SERVICINT, BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-AB5, and BANK OF AMERICA, N.A.,<br><br>Defendants. | NO. 3:15-CV-05769 RBL<br><br>MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO MOTION TO DISMISS<br><br>**NOTE ON HEARING CALENDAR:**<br>**February 19, 2016** |

## I.     INTRODUCTION

On January 28, 2016, Defendants BANA and BNYM filed a Motion to Dismiss and noted the hearing date for February 19, 2016. Fed.R.Civ.P. 6(b)(1) provides litigants the opportunity to request and extension of time to respond to a motion. Counsel for Plaintiffs contacted defendants' counsel to determine whether this motion would be opposed or an extension of time would be voluntarily agreed to. Defendants' counsel declined to agree to an extension.

PLAINTIFF'S MOTION FOR EXTENSION OF TIME - 1

NATURAL RESOURCE LAW GROUP, PLLC
5470 Shilshole Ave. NW, Suite 520
Seattle WA  98107-4040
Phone: (206) 227-9800 • Fax: (206) 466-5645

## II.    ARGUMENT

Fed.R.Civ.P. 6(b)(1) allows for an extension of time upon a showing of good cause. "*In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

This rule, like all the Federal Rules of Civil Procedure, "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir.1983) (quoting *Staren v. American Nat'l Bank & Trust Co. of Chicago*, 529 F.2d 1257, 1263 (7th Cir.1976)); see also Fed.R.Civ.P. 1 ("[The Federal Rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."). Consequently, requests for extensions of time made before the applicable deadline has passed should "normally be granted in the absence of bad faith or prejudice to the adverse party." 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed.2004). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. See, e.g., *Venegas-Hernandez v.. Sonolux Records*, 370 F.3d 183, 187 (1st Cir.2004); *Thomas v. Brennan*, 961 F.2d 612, 619 (7th Cir.1992); *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir.1987).

In the Rule 6(b) context, the Supreme Court has stated that "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs.*

PLAINTIFF'S MOTION FOR EXTENSION OF TIME - 2

NATURAL RESOURCE LAW GROUP, PLLC
5470 Shilshole Ave. NW, Suite 520
Seattle WA  98107-4040
Phone: (206) 227-9800 • Fax: (206) 466-5645

*Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 392 (1993) (footnote omitted). "Thus, this "elastic concept" may include, under appropriate circumstances, neglect due to simple, faultless omissions to act or carelessness.... The determination of whether the Plaintiff's neglect is "excusable" is ultimately "an equitable one, taking account of all relevant circumstances surrounding the party's omission." ... Those factors include evaluating the danger of prejudice to the non-moving party, the length of delay and its potential impact on the court's proceedings, the reason for the delay, including whether the delay was in the movant's control, and whether the movant acted in good faith.... " *Kucik v. Yamaha Motor Corp.,* 2009 U.S. Dist. LEXIS 96704 (N.D. Ind. Oct. 16, 2009). In *Committee for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814 (9th Cir.1996), the Ninth Circuit held that the Supreme Court's analysis of "excusable" neglect in *Pioneer* is applicable to Rule 6(b). *Id*. at 825, n.4.

There is no indication that counsel has acted in bad faith or that an extension of time would prejudice defendants. *Ahanchian v. Xenon Pictures*, 624 F.3d 1253, 1259-1260 (9th Cir. 2010). Plaintiffs have a good faith basis for excusable neglect and the court should take into account that this involves a dispositive motion that would greatly prejudice plaintiffs if the extension is not granted, and that counsel for plaintiff has numerous other cases in state and federal court that also require briefs by required deadlines.  An opening brief in the state Court of Appeals was due on the same date Plaintiffs' response to this motion was due (2/16/16).  Counsel attempted to have the response in this case prepared on that same date, but it was not possible to complete both documents (the appeal brief and the response in this case) by the due date.  In addition, a mediation for another client had to be rescheduled for 2/17/16, further causing a delay in responding to defendants' motion to dismiss.

PLAINTIFF'S MOTION FOR EXTENSION OF TIME - 3

NATURAL RESOURCE LAW GROUP, PLLC
5470 Shilshole Ave. NW, Suite 520
Seattle WA  98107-4040
Phone: (206) 227-9800 • Fax: (206) 466-5645

The additional time is requested to provide sufficient time to complete the brief and to consult with the Plaintiffs on its contents, and to permit counsel's staff sufficient time to finalize the brief. Plaintiffs request an additional 7 (seven) days (to February 25, 2016) to submit their response to defendants' motion to dismiss. Plaintiffs make this request without intent to delay and being mindful of the case schedule.

### III.  CONCLUSION

Plaintiff respectfully requests a 7-day extension of time to file a response to defendants' motion to dismiss to February 25, 2016.

Respectfully Submitted,

NATURAL RESOURCE LAW GROUP, PLLC

　/s/ *Jill J. Smith*　
Jill J. Smith, WSBA #41162
5470 Shilshole Ave. NW, Suite 520
Seattle, WA 98107-4040
(206) 227-9800

### DECLARATION OF SERVICE

I declare that on February 18, 2016 a true and correct copy of PLAINTIFF'S MOTION FOR EXTENSION OF TIME was served via the ECF filing system on the following as indicated below:

**Daniel J. Gibbons**
**Steven J. Dixson**
Witherspoon Kelley
422 West Riverside, Suite 1100
Spokane, WA 99201
sjd@witherspoonkelley.com
djg@witherspoonkelley.com

**Donald G. Grant**
1700 Main Street, Suite 245
Washougal, WA 98671
don@dongrantps.com

DATED this  18th  day of February 2016 in Seattle, Washington.

By　s/Jill J. Smith　
Jill J. Smith, WSBA # 41162

PLAINTIFF'S MOTION FOR EXTENSION OF TIME - 4

NATURAL RESOURCE LAW GROUP, PLLC
5470 Shilshole Ave. NW, Suite 520
Seattle WA  98107-4040
Phone: (206) 227-9800 • Fax: (206) 466-5645

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

PLAINTIFF'S MOTION FOR EXTENSION OF TIME - 5

**NATURAL RESOURCE LAW GROUP, PLLC**
5470 Shilshole Ave. NW, Suite 520
Seattle WA  98107-4040
Phone: (206) 227-9800 • Fax: (206) 466-5645