THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LAURENCE N. BURTON and JANET K.
BURTON, Husband and Wife

           Plaintiffs,

v.

SHELLPOINT MORTGAGGE SERVICINT,
BANK OF NEW YORK MELLON FKA THE
BANK OF NEW YORK AS TRUSTEE FOR
THE CERTIFICATE HOLDERS OF THE
CWABS, INC., ASSET-BACKED
CERTIFICATES, SERIES 2005-AB5, and
BANK OF AMERICA, N.A.,

           Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

NO.  3:15-CV-05769 RBL

RESPONSE TO MOTION TO DISMISS

**NOTE ON HEARING CALENDAR:
March 4, 2016**

COME NOW the Plaintiffs, Laurence and Janet Burton, by and through their attorney of record Jill J. Smith and Natural Resource Law Group PLLC and hereby submit this response to defendants' motion to dismiss and state as follows:

## I. INTRODUCTION/SUMMARY OF ARGUMENT

Plaintiffs filed an action for enforcement of the August 4, 2015 rescission pursuant to the Federal Truth In Lending Act, 15 U.S.C. § 1635, et seq. (hereinafter referred to as "TILA"), as to

NATURAL RESOURCE LAW GROUP, PLLC
5470 Shilshole Ave. NW, Suite 520
Seattle WA  98107-4040
Phone: (206) 227-9800 • Fax: (206) 466-5645

their property located in Pierce County, Washington.  No trustee's sale has taken place yet, however defendants issued a Notice of Trustee's Sale to Plaintiff, the final step in the foreclosure process in Washington.  The Notice of Trustee's Sale was issued on or about October 19, 2015 notifying the Plaintiffs that the property would be sold on February 19, 2016.  The sale was subsequently postponed to June 17, 2016.  The trustee's sale should have been cancelled.  The asserted cause of action is for enforcement, and not whether the rescission is enforceable or not enforceable.  The mailing of the notice on August 4, 2015 by operation of law, voided the mortgage and note and no further action can exist.  This complaint should not be dismissed as it contains a short and plain statement of the facts and is in compliance with the pleading requirements under rule 8 of the Federal Rules of Civil Procedure.

It appears defendants fundamentally misunderstand this lawsuit and the rescission issue under TILA in raising a res judicata defense.  Plaintiffs filed this lawsuit to *enforce* the rescission because defendants failed to either unwind the loan within 20 days or file a suit within 20 days challenging the rescission.  Defendants wrongfully attempt to bootstrap numerous "facts" regarding an assignment, a loan modification and other facts not relevant to this lawsuit, and the spurious allegation that Plaintiffs are making a "last-ditch desperate attempt to avoid their responsibilities under the Note and DOT", in an attempt to bring in issues that are completely irrelevant to this TILA rescission enforcement lawsuit, in order to distract the court into issues not alleged in the complaint.

It should be noted that if the loan was never funded, and now defendants are attempting to foreclose and seize the property, it is the defendants who are attempting to obtain a free house.

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS - 2

## II. BACKGROUND

On August 4, 2015, Plaintiffs rescinded the mortgage that encumbered their property in Pierce County, Washington. It is undisputed that Plaintiffs sent the TILA notice of rescission and it is undisputed that the rescission is effective upon mailing. After the notice was sent, the Defendants proceeded to move forward with a sale of the property and issued a Notice of Trustee's Sale intended to foreclose on a voided instrument.

## III. LEGAL ANALYSIS

### A.    Standard on Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Fed.R.Civ.P. 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Under Fed.R.Civ.P. 12(b)(6), a Motion to Dismiss should only be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 555 (2007).

The Court can take judicial notice of matters in a public record, however, it cannot take judicial notice of a fact that is subject to pleading and proof, which in this case is "consummation" of the note and mortgage.[1] Defendants argue that the loan was consummated (Mtn. to Dismiss, p. 12-13) and that the notice of rescission was sent ten years after "origination of the loan." (Mtn. to

---

[1] **Fed.R.Ev. 201(b) Kinds of Facts That May be Judicially Noticed**. The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. The Notes of Advisory Committee on Proposed Rules explain: "This rule is consistent with Uniform Rule 9(1) and (2) which limit judicial notice of facts to those "so universally known that they cannot reasonably be the subject of dispute," those "so generally known or of such common notoriety within the territorial jurisdiction of the court that they cannot reasonably be the subject of dispute," and those "capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy."

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS - 3

NATURAL RESOURCE LAW GROUP, PLLC
5470 Shilshole Ave. NW, Suite 520
Seattle WA  98107-4040
Phone: (206) 227-9800 • Fax: (206) 466-5645

Dismiss, p. 14:15-16).  However, the standard set forth in TILA is "consummation" of the loan, not "origination" of the loan.  The court cannot presume the loan was consummated without proof provided through discovery.  If the loan was never actually funded, but was part of a hedge fund investing scheme, then the loan was never consummated, for example.  But even if the loan was funded, which is a matter of proof provided through discovery, and cannot be assumed, defendants failed to unwind the loan or file a lawsuit challenging the rescission within the 20-day period as required by the holdings in *Jesinoski*.

**B.     Res Judicata and The Statute of Repose are Inapplicable**

The Res Judicata defense should be disregarded.  Plaintiffs could not have included the TILA enforcement claims in any previous lawsuit because the relevant Notice of Rescission had not yet been sent.  Plaintiffs simply included facts about the previous letter sent in 2010 to illustrate that the Plaintiffs believed there was a problem with their loan as far back as 2010.  The relevant date for this present lawsuit, the date of the Notice of Rescission, is August 4, 2015.  Simply put, it is a fiction that Plaintiffs could have included a TILA enforcement action in any previous lawsuit, and the res judicata defense should therefore be rejected.

The Defendants failed to take action within the time for compliance with the TILA rescission.  The rescission is effective upon mailing and by operation of law the mortgage and the note were void.  See 15 U.S.C. § 1635(b) Return of Money or Property Following Rescission:

> *When an obligor exercises his right to rescind under subsection (a) of this section, he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission.*  **Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction.**  If the creditor has delivered any property to the obligor, the obligor may retain

**NATURAL RESOURCE LAW GROUP, PLLC**
5470 Shilshole Ave. NW, Suite 520
Seattle WA  98107-4040
Phone: (206) 227-9800 • Fax: (206) 466-5665

possession of it.  Upon the performance of the creditor's obligations under this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value.  Tender shall be made at the location of the property or at the residence of the obligor, at the option of the obligor.  If the creditor does not take possession of the property within 20 days after tender by the obligor, ownership of the property vests in the obligor without obligation on his part to pay for it.  **The procedures prescribed by this subsection shall apply except when otherwise ordered by the court**.

The United States Supreme Court case of *Jesinoski v. Countrywide Home Loans, Inc*., 574 U.S. ____ (2015), makes no distinction between "disputed" or "undisputed" rescissions.  The *Jesinoski* case is clear and was decided by a unanimous court.  The court in *Jesinoski* found that there was no requirement that a borrower had to *file a lawsuit* within three years of the transaction's consummation.  The court further stated:

> The Eighth Circuit's affirmance in the present case rested upon its holding in *Keiran v. Home Capital, Inc*., 720 F. 3d 721, 727-728 (2013) that, unless a borrower has filed a suit for rescission within three years of the transaction's consummation, § 1635(f) extinguishes the right to rescind and bars relief.

> That was error.  Section 1635(a) explains in unequivocal terms how the right to rescind is to be exercised:  It provides that a borrower 'shall have the right to rescind… *by notifying the creditor, in accordance with the regulations of the Board, of his intention to do so*' (emphasis added).  The language leaves no doubt that rescission is effected when the borrower notifies the creditor of his intention to rescind.  It follows that, so long as the borrower notifies within three years after the transaction is consummated, his rescission is timely.  The statute does not also require him to sue within three years.

> Nothing in §1635(f) changes this conclusion.  Although §1635(f) tells us *when* the right to rescind must be exercised, it says nothing about *how* that right is exercised.  Our observation in *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 417 (1998), that §1635(f) 'govern[s] the life of the underlying right' is beside the point.  That case concerned a borrower's attempt to rescind in the course of a foreclosure proceeding initiated six years after the loan's consummation.  We concluded only that there was 'no federal right to rescind, defensively or otherwise, after the 3-year period of §1635(f) has run.' Id., at 419, not that there was no rescission until a suit is filed.

> Respondents do not dispute that §1635(a) requires only written notice of rescission.  Indeed, they concede that written notice suffices to rescind a loan within the first three days after the

**NATURAL RESOURCE LAW GROUP, PLLC**
5470 Shilshole Ave. NW, Suite 520
Seattle WA  98107-4040
Phone: (206) 227-9800 • Fax: (206) 466-5645

transaction is consummated.  They further concede that written notice suffices after that period if the parties dispute the adequacy of the disclosures – and thus the continued availability of the right to rescind – then written notice *does not* suffice.

Section 1635(a) nowhere suggests a distinction between disputed and undisputed rescissions, much less that a lawsuit would be required for the latter.  In an effort to sidestep this problem, respondents point to a neighboring provision, §1635(g), which they believe provides support for their interpretation of the Act.  Section 1635(g) states merely that, "[i]n any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1540 of this title for violations of this subchapter not relating to the right to rescind."

*Jesinoski,* 574 U.S. _____ (2015).

The court went on to state that rescission "…has no bearing upon whether and how borrower-rescission under §1635(a) may occur."  Here, just like the Jesinoskis, the Plaintiffs mailed Defendants written notice of their intent to rescind and it was effective as of that date and the Defendants took no actions which would require a court proceeding to nullify, vacate, or cancel the rescission.  The Defendant's argument is misplaced.

**C.    The Rescission Was Effective Upon Mailing of the Notice.**

Rescission under TILA is very clear and very simple.  It is so simple and clear that a unanimous court stated that it was not susceptible to interpretation by any judge because the statute is unambiguous.  *See*, *Jesinoski v. Countrywide*, 574 U.S. ___ (2015).  The statute sets forth the procedure for rescission and for compliance.  The statute states that the procedures apply unless and until a court issues an order to the contrary.  Justice Scalia made a point of repeating that the rescission was effective by operation of law on the date that it was mailed and pointed out that the statute makes no distinction between disputed and undisputed rescissions – they are all effective when mailed.

**NATURAL RESOURCE LAW GROUP, PLLC**
5470 Shilshole Ave. NW, Suite 520
Seattle WA  98107-4040
Phone: (206) 227-9800 • Fax: (206) 466-5645

The *Jesinoski* court goes on to unequivocally state that no lawsuit was needed to make the rescission effective and no tender was required because the TILA rescission was a specific statutory procedure.  Hence, any finding by any court that results in the conclusion that the rescission is not effective when mailed, would result in reversible error. The Court in Oregon found that the "…text of TILA and implementing regulation 'support the view that to timely rescind a loan agreement, an obligor need only send a valid notice of rescission'" *Paatalo v. JP Morgan Chase Bank*, Case No. 6:15-CV-01420-AA, U.S.Dist.Ct., Oregon, Opinion and Order of Nov. 12, 2015, p. 11, *quoting*, *Sherzer v. Homestar Mortg. Servs*., 707 F.3d 255, 258 (3rd Cir. 2013).  "As a practical consequence of [the *Jesinoski*] ruling, a lender now bears the burden of filing a lawsuit to contest the borrower's ability to rescind."  Alexandra P. Everhart Sickler, *And the Truth Shall Set You Free: Explaining Judicial Hostility to the Truth in Lending Act's Right to Rescind a Mortgage Loan*, 12 Rutgers J.L. & Pub. Pol'y 463, 481 (Summer 2015), quoted in *Paatalo* at 12.

Like a court order, if a party with standing has an objection to a rescission, it may file for affirmative relief.  If it does not do so within the prescribed applicable time limits, the rescission will stand.  The TILA rescission statute allows 20-days for compliance.  That period has clearly expired and the 20-day period could have been interrupted by a party with standing if it filed to vacate the rescission, as one would file to vacate a court order.  Also, as an analogous situation, if satisfaction of mortgage was recorded in error in the public records, a party with standing would have to invoke the court's jurisdiction in order to have that instrument cancelled and cannot just merely ignore it.

Under the statute, rescission triggers an unwinding process.  "Within 20 days after receipt of notice of rescission the lender must return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary… to reflect the termination

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS - 7

**NATURAL RESOURCE LAW GROUP, PLLC**
5470 Shilshole Ave. NW, Suite 520
Seattle WA  98107-4040
Phone: (206) 227-9800 • Fax: (206) 466-5665

of any security interest created under the transaction." 15 U.S.C. § 1635(b). The court in *Paatalo* held that "After WaMu received plaintiff's notice of rescission, it had two options. It could have begun the unwinding process by returning plaintiff's down payment or earnest money and taking action to 'reflect the termination of [the] security interest,' pursuant to 15 U.S.C. § 1635(b)…In the alternative, WaMu could have filed a lawsuit to dispute plaintiff's right to rescind the loan. Plaintiff alleges WaMu did neither of those things." *Paatalo* at 12. In examining the question of what happens when the unwinding process is not completed *and* neither party files suit within the TILA statute of limitation (either 3 days or the extended three year period), the court held that "*Jesinoski* directs that the rescission and voiding of the security interest are effective as a matter of law as of the date of the notice." *Paatalo* at 13.

In *Paatalo*, it was undisputed that more than three years had passed since the consummation of plaintiff's 2006 loans and plaintiff's right to rescind, if not yet exercised had expired. The court found that taking the allegations in the complaint as true, if those notices actually rescinded the loan, plaintiff's complaint would survive a motion to dismiss. *Paatalo* at 9. In the present case, it is unclear if the loan was even consummated at all. The act of simply signing documents at the real estate "closing" does not equate to "consummation." Even if the definition of consummation as "creation" or "origination" of the loan is used by the court, if there has been no funding of the loan, the loan was never "created" or "originated" and there was therefore no loan "contract" binding the Plaintiffs. Consummation is effective when the loan is funded which is a question for discovery. If that is the case, neither the three-day nor the three-year period has even begun. But even if the loan was consummated, defendants are in violation of TILA for attempting to foreclose on the property

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS - 8

1   after the TILA rescission notice was mailed and they failed to unwind the loan or challenge the

2   rescission notice in court within the 20-day period provided by statute.

3                                    **IV. CONCLUSION**

4          The Plaintiffs sent a notice of rescission under the federal Truth In Lending Act (TILA).

5   That rescission was effective upon mailing – August 4, 2015.  The effect of that rescission is that it

6   cancels the loan contract and voids the note and mortgage.  It cannot be disputed that Defendants'

7   duty to comply with § 1635(b) arose and that the period for compliance has expired.  Accordingly,

8   the Defendants are in violation of the statute and are not entitled to foreclose on the property.

9          Plaintiffs respectfully request the court deny defendants' motion to dismiss and order that the

10  Plaintiffs have stated a cause of action and require the Defendants to file an Answer, and such other

11  and further relief that his Court deem appropriate.

12

13  Respectfully Submitted this ___25th___ day of February 2016.

14  NATURAL RESOURCE LAW GROUP PLLC

15  By _/s/Jill J. Smith_____
16  Jill J. Smith, WSBA #41162
    5470 Shilshole Ave. NW Suite 520
17  Seattle, WA 98107
    (206) 227-9800 phone
18  (206) 466-5645 fax
    *Attorney for Plaintiffs Laurence and Janet Burton*

19

20

21

22

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS - 9

1

## DECLARATION OF SERVICE

2

   I declare that on February 25, 2016 a true and correct copy of PLAINTIFF'S RESPONSE
TO MOTION DISMISS was served via the ECF filing system on the following as indicated below:

3

4

**Daniel J. Gibbons**                          **Donald G. Grant**
**Steven J. Dixson**                           1700 Main Street, Suite 245
Witherspoon Kelley                              Washougal, WA 98671
422 West Riverside, Suite 1100                  don@dongrantps.com
Spokane, WA 99201
sjd@witherspoonkelley.com
djg@witherspoonkelley.com

5

6

7

8

   DATED this __25th__ day of February 2016 in Seattle, Washington.

9

   By___s/Jill J. Smith_____
   Jill J. Smith, WSBA # 41162

10

11

12

13

14

15

16

17

18

19

20

21

22

PLAINTIFF'S RESPONSE TO MOTION TO DISMISS - 10