Daniel J. Gibbons, WSBA # 33036
Steven J. Dixson, WSBA # 38101
WITHERSPOON · KELLEY
422 West Riverside Avenue, Suite 1100
Spokane, WA  99201-0300
Telephone:  (509) 624-5265
Facsimile:   (509) 458-2728
djg@witherspoonkelley.com
sjd@witherspoonkelley.com

*Attorneys for Defendants Bank of America,
 N.A. and Bank of New York Mellon fka the
Bank of New York as Trustee for the Certificate
Holders of the CWABS, Inc., asset-backed
Certificates, Series 2005-AB5*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| LAURENCE N. BURTON and JANET K. BURTON, husband and wife,<br><br>            Plaintiffs,<br><br>vs.<br><br>SHELLPOINT MORTGAGE SERVICING, THE BANK OF NEW YORK MELLON, fka The Bank of New York as Trustee for the Certificate Holders of the CWABS, Inc., asset-backed Certificates, Series 2005-AB5, and BANK OF AMERICA, N.A.<br>            Defendants. | Case No. 3:15-cv-05769 RBL<br><br>DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT<br><br>NOTE ON MOTION CALENDAR: MARCH 4, 2016 |

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS'
COMPLAINT- 1
Case No. 3:15-cv-05769 RBL
S1360105

**WK** WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300            Fax: 509.458.2728

## I. INTRODUCTION.

Plaintiffs' Complaint is defective as a matter of law and must be dismissed. There is no question that Plaintiffs took out a loan in October 2005 (the "Loan"), and tried to rescind it almost five years later in October 2010. Plaintiffs allege that because Defendants did not file suit disputing the rescission, they are entitled to a free house. However, Plaintiffs' attempt to rescind their Loan was ineffective as the right to rescind lasts, at most, three years. Plaintiffs' attempt to dispute whether the Loan was funded in their Opposition is without any factual or legal support and must be rejected. They have lived in the property for ten years; if the Loan had not been funded, that would have been an impossibility. Plaintiffs accepted the benefit of their Loan for ***ten years*** prior to filing the instant suit and cannot now avoid their Loan obligations.

Moreover, Plaintiffs' Complaint is barred, in its entirety, under the doctrines of res judicata and claim splitting. Plaintiffs filed a prior lawsuit in 2014 in which they sought to challenge certain aspects of their Loan and the servicing thereof. They failed to raise the instant rescission claim in that suit, which was ultimately dismissed with prejudice, and as such, are precluded from raising it now. Accordingly, Plaintiffs' Complaint should be dismissed as a matter of law.

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS'
COMPLAINT- 2
Case No. 3:15-cv-05769 RBL
S1360105



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

## II. ARGUMENT.

### A. Plaintiffs' Claims Are Barred By Res Judicata.

Plaintiffs' attempt to save their claims from dismissal is unavailing. First, it should be noted that while Plaintiffs allege in their Complaint that they first tried to rescind their Loan in September, 2010, they now act like that never happened. See Compl. ¶ 6. In their Opposition, Plaintiffs conveniently change their story, arguing that they "could not have included the TILA enforcement claims in any previous lawsuit because the relevant Notice of Rescission had not yet been sent. Plaintiffs simply included facts about the previous letter sent in 2010 to illustrate that the Plaintiffs believed there was a problem with their Loan as far back as 2010." Opposition 4: 9-13. This argument is disingenuous at best, and outright misleading at worst. The Complaint speaks for itself. Plaintiffs unambiguously allege that "On September 23, 2010, Plaintiffs also sent a notice of rescission pursuant to TILA, a copy of which is attached here as 'Exhibit B'." Compl., ¶ 6. It is also undisputed that Plaintiffs did not raise this claim in their October 2014 suit. Plaintiffs cannot have it both ways, arguing that they rescinded back in 2010, yet they didn't know they had a right to rescind in 2014. To the extent Plaintiffs allege that their 2010 letter was an attempt to rescind, it shows that they knew of such grounds for rescission back in 2010. As such, there were clearly aware of such grounds when they filed their previous suit in October 2014, and they had no excuse for not raising it at that time.

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS'
COMPLAINT- 3
Case No. 3:15-cv-05769 RBL
S1360105



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300         Fax: 509.458.2728

Plaintiffs' conduct meets the exact defining of "claim splitting" (i.e. filing two separate lawsuits based on the same events). *Landry v. Luscher,* 95 Wn. App. 779, 780 (1999) (citation omitted). This rule acts to prevent a claimant from splitting a single cause of action or claim and pursuing the split claim in successive suits. The reason for such a doctrine is clear, because "Such a practice would lead to duplicitous suits and force a defendant to incur the cost and effort of defending multiple suits." *Id.* at 782 (citation omitted). The rule is "in accord with the general rule that if an action is brought for part of a claim, a judgment obtained in the action precludes the plaintiff from bringing a second action for the residue of the claim." *Id.* Plaintiffs are barred by claim splitting rules from litigating the same facts which were at issue, and of which they were aware, in the first suit.

This prohibition is tied to the concept of res judicata. It is well established that the doctrine of res judicata bars the re-litigation of claims that were raised, **or could have been raised**, in a previous litigation that was resolved on the merits. *Martin v. Wilbert*, 162 Wash. App. 90, 94-95, 253 P.3d 108 (2011)(under res judicata, no party may re-litigate "claims and issues that were litigated, or might have been litigated, in a prior action."); *Pederson v. Potter*, 103 Wash. App. 62, 69, 11 P.3d 833 (2000); *Marino Prop. Co. v. Port Comm'rs*, 97 Wash. 2d 307, 312, 644 P.2d 1181 (1982) (the doctrine "puts an end to strife, produces certainty as to individual rights, and gives dignity and respect to judicial proceedings."); *Stevens County v. Futurewise*, 146 Wash. App. 493, 502, 192 P.3d 1 (2008) (the doctrine of res judicata bars parties from re-litigating claims that were raised or could have been raised in an earlier action). As noted in the Motion to Dismiss, res judicata applies "where a prior final judgment is identical

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS'
COMPLAINT- 4
Case No. 3:15-cv-05769 RBL
S1360105

**WK** WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300   Fax: 509.458.2728

to the challenged action in '(1) subject matter, (2) cause of action, (3) persons and parties, and (4) the quality of the persons for or against whom the claim is made.'" *Lynn*, 130 Wash. App. at 836, 125 P.3d 202 (quoting *Loveridge v. Fred Meyer, Inc.*, 125 Wash. 2d 759, 763, 887 P.2d 898 (1995)).

The doctrine of res judicata precludes a plaintiff from adding new factual allegations to the already litigated claim in order to obtain previously denied relief. If the elements of res judicata are satisfied, the doctrine will act to extinguish a subsequent claim by a plaintiff even if such plaintiff is prepared "(1) to present evidence, grounds or theories of the case not presented in the first action, or (2) to seek remedies or forms of relief not demanded in the first." *Landry,* 95 Wash. App. at 783 (citing Restatement (Second) of Judgments §25 (1982)). "The general doctrine is that the plea of res judicata applies not only to points upon which the court was actually required by the parties to form an opinion and pronounce judgment**, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time.**" *Currier v. Perry*, 181 Wash. 565, 569, 44 P.2d 184, 185-186 (1935) (emphasis added).

There can be no dispute that each of the necessary elements are met here. The parties are the same, or in privity with, the parties to the October 2014 lawsuit. Further, the two actions share the exact same subject matter, the Loan and the Property purchased by Plaintiffs. It is not necessary that the actual claims for relief be precisely identical if the subsequent action arises from the same "nucleus of facts" and would impair the rights established in the first judgment. *Landry,* 95 Wn. App. at 784. Plaintiffs' instant claims should be barred if they are ones which

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS'
COMPLAINT- 5
Case No. 3:15-cv-05769 RBL
S1360105



422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300   Fax: 509.458.2728

*could* have been asserted in the first suit.  Plaintiffs cannot dispute that they knew of purported problems with their Loan back in 2010 when they sent their rescission letter. Finally, Plaintiffs and Defendants were necessarily adverse to each other in the 2014 lawsuit and remain so here.

Because Plaintiffs' instant suit relates to the same Loan and Property that was the subject of the prior 2014 Action and that matter was dismissed **with prejudice**, the instant Complaint is precluded under the doctrine of res judicata.

### B. Plaintiffs' TILA Claims Remain Time-Barred.

Plaintiffs' claims are also time-barred, as there is no question that Plaintiffs failed to exercise their right to rescind in a timely manner, and the attempt at rescission was therefore ineffective. As noted above, Plaintiffs allege that they first sent in a rescission letter for their Loan on September 23, 2010, and then sent in a second such rescission letter on August 4, 2015. Compl. ¶¶ 5-12.  They allege that Defendants only had twenty days to respond and contest the rescission, which they allege Defendants failed to do, resulting in the rescission of their Loan. *Id*., ¶ 8. In support of this defective argument, Plaintiffs seek to rely on two cases, *Jensinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015) and an unpublished order entered in *Paatalo v. JP Morgan Chase Bank*, US Dist. OR, Case No. 6:15-cv-01420-AA (November 12, 2015).  Neither of these opinions, however, supports their position or gives the Court any basis to deny the instant Motion to Dismiss.

The issue presented in *Jensinoski* is in no way analogous to the position being asserted here by Plaintiffs.  In *Jensinoski*, the Court considered whether a borrower exercises the right to rescind under TILA by simply providing written notice to his lender, or whether he must also file

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS'
COMPLAINT- 6
Case No. 3:15-cv-05769 RBL
S1360105



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

a lawsuit before the three-year period lapses. *Jensinoski,* 135 S. Ct. at 791.  The court held that a borrower timely and properly exercised his right to rescind under TILA if the borrower provided written notice to the lender of his intention to rescind the loan *within three years of the loan's consummation*. *Id*. at 793. In other words, the relevant question was what satisfied the rescission element, sending written notice or filing suit.  *Jensinoski* did not address what happens when someone attempts to rescind well outside the three-year period.  *Jensinoski* does not stand for the premise that a borrower may send a written notice of rescission to a lender at any time after the three-year period closes, nor does it hold that a loan is automatically rescinded if the lender fails to respond to an untimely notice within 20 days.  To the contrary, *Jensinoski* is clear that the borrower's written notice of rescission to the lender *must* be mailed to the lender within the three-year period prescribed by 15 USC §1635(f). *Id. Jensinoski* does not even mention the 20-day response issue.  Finally, the very quote from *Jensinoski* upon which Plaintiffs seek to rely refutes their argument.  In their Opposition, Plaintiffs quote, in part:

> The Eighth Circuit's affirmance in the present case rested upon its holding in *Keiran v. Home Capital, Inc.*, 720 F. 3d 721, 727-728 (2013) that, unless a borrower has filed a suit for rescission within three years of the transaction's consummation, § 1635(f) extinguishes the right to rescind and bars relief.
>
> That was error.  Section 1635(a) explains in unequivocal terms how the right to rescind is to be exercised:  It provides that a borrower 'shall have the right to rescind… by notifying the creditor, in accordance with the regulations of the Board, of his intention to do so' (emphasis added).  The language leaves no doubt that rescission is effected when the borrower notifies the creditor of his intention to rescind. **It follows that, so long as the borrower notifies within three years after the transaction is consummated, his rescission is timely.**  The statute does not also require him to sue within three years.

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS'
COMPLAINT- 7
Case No. 3:15-cv-05769 RBL
S1360105



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300           Fax: 509.458.2728

Opposition, 5:10-16 (quoting *Jensinoski*) (emphasis added). This quote makes it clear that the right to rescind can only be effected by giving notice to the lender, and such notice must be provided "within three years after the transaction is consummated." Here, Plaintiffs cannot even raise a credible argument that they sought to rescind within three years after the Loan was taken out; accordingly, *Jensinoski* does nothing to save their claim from dismissal.

Nor is *Paatalo* helpful to the Plaintiffs. First, it should be noted that *Paatalo,* an unpublished Order District Court decision, is in no way binding upon this Court. Further, that holding does not support Plaintiffs' position. In that case, plaintiff alleged he sent a written notice to the lender in 2008 rescinding loans he obtained in 2006. *Paatalo*, at *3. In other words, in that case plaintiff actually exercised his rescission rights within the required three year period, unlike the Plaintiffs here. Accordingly, the *Paatalo* court merely repeated *Jensinoski's* requirement that the borrower send a written notice of rescission to the lender within three years in order to complete a valid rescission. Because plaintiff sent a written rescission to the lender within the three-year period under 15 U.S.C. §1635(f), the Court concluded that he had asserted a claim under TILA sufficient to survive an FRCP 12(b)(6) motion to dismiss. Once again, it bears repeating that *Paatalo* does not hold that a lender must respond to a TILA notice within 20 days or be forever barred from challenging the notice of rescission where the purported TILA notice was ineffective because it was time-barred.

In short, unlike the facts presented in *Jensinoski* and *Paatalo*, Plaintiffs' Complaint does not contain any allegations which demonstrate that they sent a timely notice of rescission to Defendants. Rather, the uncontested and publicly recorded documents reveal that Plaintiffs took

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS'
COMPLAINT- 8
Case No. 3:15-cv-05769 RBL
S1360105

WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300   Fax: 509.458.2728

out a Loan on October 11, 2005. Declaration of Daniel Gibbons, ECF 9, Ex. A. Further, they do not allege any attempt to rescind until, at the earliest, September 23, 2010, nearly five years after the Loan was taken out. Compl., ¶ 6.[1] Plaintiff's Complaint is devoid of any factual allegations to support or even suggest that the September 23, 2010 letter constituted timely notice under 15 USC §1635(f), and no such factual allegations can be asserted. To the contrary, in *Beach v. Ocwen Federal Bank*, 523 U.S. 410 (1998), the Court made it clear that the rescission language of TILA and its implementing Regulation Z, noting that the provision "talks not of a suit's commencement," like the typical statute of limitations, but "of a right's duration." *Id*. at 416. Ultimately, the Supreme Court ruled that a borrower's federal right to rescind under TILA is completely extinguished at the end of the three year period set forth in § 1635(f) and cannot be raised after such date, defensively or otherwise. This is exactly what Plaintiffs are attempting to do here. Under *Jensinoski*, *Paatalo,* and TILA §1635 (a) and (f), Plaintiffs' September 23, 2010 letter was nearly two full years tardy. Consequently, it is time-barred and therefore had absolutely no legal effect. Because there is no rescission for Plaintiffs to enforce, Plaintiffs' TILA claim must be rejected.

In a transparent attempt to avoid this clear conclusion, Plaintiffs attempt to further muddy the waters by arguing that "it is unclear if the loan was even consummated at all." Opposition 8:13-14. This argument is nonsensical, and does nothing to save Plaintiffs' claims. First, TILA

---

[1] Defendants dispute that the September 23, 2010 letter which Plaintiffs attach to the Complaint is a valid TILA rescission letter, however, for purposes of the instant motion, that issue is immaterial as even if that letter were a TILA rescission, it was still undeniably time-barred.

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS'
COMPLAINT- 9
Case No. 3:15-cv-05769 RBL
S1360105



422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300        Fax: 509.458.2728

provides that if a creditor fails to make the required TILA disclosures, including providing the obligor with a notice of right to cancel, the obligor's right to rescind is extended and "shall expire three years after the ***date of consummation of the transaction*** …." 15 U.S.C. § 1635(f) (emphasis added); *see also* 12 C.F.R. § 226.23(a)(3).  The "date of consummation" of the transaction is considered to be when the loan is created.  *See, e.g.*, 12 C.F.R. § 226.2(a)(13) ("Consummation means the time that a consumer becomes contractually obligated on a credit transaction").  Here, this means that the consummation date which triggered the three year statute began when Plaintiffs signed the Loan and became contractually obligated thereunder.  That undoubtedly occurred on October 11, 2005 when they signed the Note and Deed of Trust.  Plaintiffs do not- and cannot- dispute this date.  Instead, they now seek to introduce the concept of "funding" of the Loan, which is not referenced in TILA, and which has no bearing on when the Loan was consummated.  Further, even if such a concept was somehow relevant, Plaintiffs offer no proof to show that their Loan was not funded.  Rather, this throw away allegation is clearly an attempt to create confusion where none exists, and there is no evidence to support such a reckless and unsupported allegation.  The fact that Plaintiffs have now lived in the property for over ten years undermines Plaintiffs' allegation that the Loan was not funded, and Plaintiffs' allegations in this regard must be rejected.  In short, as there can be no question that their claims against Defendants are time-barred, the instant Complaint must be dismissed with prejudice.

### III. CONCLUSION

For all these reasons, Plaintiffs' Complaint fails to state a single viable cause of action against Defendants.  Defendants, therefore, respectfully requests that the Court grant their

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT- 10
Case No. 3:15-cv-05769 RBL
S1360105

**WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300        Fax: 509.458.2728

1  Motion to Dismiss the Complaint, with prejudice, pursuant to Federal Rule of Civil Procedure
2  12(b)(6).
3       Respectfully submitted this 4th of March, 2016.

WITHERSPOON KELLEY

By:   /s/ Daniel J. Gibbons
Daniel J. Gibbons, WSBA No. 33036
djg@witherspoonkelley.com
Steven J. Dixson, WSBA #38101
sjd@witherspoonkelley.com
Witherspoon Kelley
422 West Riverside, Suite 1100
Spokane, WA 99201-0300
Telephone: 509.624.5265
Facsimile: 509.458.2728

*Attorneys for Defendants Bank of America, N.A. and Bank of New York Mellon fka the Bank of New York as Trustee for the Certificate Holders of the CWABS, Inc., asset-backed Certificates, Series 2005-AB5*

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINT- 11
Case No. 3:15-cv-05769 RBL
S1360105

WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100     Phone: 509.624.5265
Spokane, Washington 99201-0300          Fax: 509.458.2728

# CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of March, 2016,

1. I caused to be electronically filed the foregoing REPLY IN SUPPORT OF MOTION TO DISMISS with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

- **Jill J. Smith**
  jill.smith@naturalresourcelawgroup.com
- **Donald Gene Grant**
  don@dongrantps.com

2. I hereby certify that I have mailed by United States Postal Service the foregoing document to the following non-CM/ECF participants at the address listed below: **None.**

3. I hereby certify that I have mailed by United States Postal Service the document to the following CM/ECF participants at the address listed below: **None.**

4. I hereby certify that I have hand-delivered the document to the following participants at the addresses listed below: **None**.

*/s/ Daniel J. Gibbons*
Daniel J. Gibbons, WSBA # 33036
WITHERSPOON • KELLEY
422 W. Riverside Ave., Suite 1100
Spokane, WA 99201-0300
Phone: 509-624-5265
Fax: 509-458-2728
djg@witherspoonkelley.com

DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFFS'
COMPLAINT- 12
Case No. 3:15-cv-05769 RBL
S1360105



WITHERSPOON • KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300         Fax: 509.458.2728