UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| LAURENCE BURTON and JANET BURTON, husband and wife,<br><br>                Plaintiffs,<br><br>vs.<br><br>SHELLPOINT MORTGAGE SERVICING, BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFATE HOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-AB5, and BANK OF AMERICA, N.A.,<br><br>                Defendants. | Case No. 3:15−cv−05769-RBL<br><br>**DEFENDANT NEW PENN FINANCIAL, LLC D/B/A SHELLPOINT MORTGAGE SERVICING'S MOTION TO DISMISS**<br><br>Hon. Ronald B. Leighton<br><br>**NOTE FOR MOTION CALENDAR: MAY 6, 2016** |

## I.    INTRODUCTION

In a third attempt to evade foreclosure, Plaintiffs Laurence Burton and Janet Burton ("Plaintiffs") bring this action for rescission of the home mortgage they entered into over ten years ago. Specifically, Plaintiffs allege that they sent notices of rescission to defendants Bank of America, N.A. ("BANA") and The Bank Of New York Mellon f/k/a The Bank of New York as Trustee for the Certificate Holders of the CWABS, Inc., asset-backed Certificates, Series 2005-AB5 ("BONY") on or about September 23, 2010, and to moving defendant New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") on or about August 4, 2015.

Motion to Dismiss - 1
Case No. 3:15−cv−05769-RBL
S1343283

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

Although the notice that Plaintiffs mailed to Shellpoint was almost *ten years late*, Plaintiffs nevertheless request rescission pursuant to the Truth in Lending Act ("TILA"), codified at 15 U.S.C. section 1635, damages in the form of the payments they made on their mortgage, and injunctive relief on any foreclosure activity[1].

However, Plaintiffs' Complaint ("Complaint") must fail.  Plaintiffs' claim for rescission suffers several defects: (1) Plaintiffs' claims are barred by the doctrine of res judicata;  (2) Plaintiffs' home loan is not eligible for rescission; and (3) rescission is barred by the statute of limitations.

Accordingly, Plaintiffs' Complaint fails as a matter of law and should be dismissed with prejudice.

## II.   FACTUAL SUMMARY

In or around October 2005, Plaintiffs purchased the subject property located at 4124 88th Street East, Tacoma, Washington, 98446, secured by a Deed of Trust ("Deed of Trust") in favor of Pierce Commercial Bank.  *See* Declaration of Donald G. Grant ("Grant Decl."), Exh. E at ¶¶ 8-9; Grant Decl., Exh. A.   On or about October 28, 2005, the Deed of Trust was recorded in Pierce County.  Grant Decl.*,* Exh. E at ¶ 10; Grant Decl., Exh. A.  On or about January 26, 2006, Pierce Commercial Bank recorded a Corporation Assignment of Deed of Trust, transferring to Mortgage Electronic Registration System ("MERS"), "all beneficial interest under that certain Deed of Trust dated October 11, 2005 executed by Janet K. Burton and Lauren N. Burton, Wife and Husband . . ." Grant Decl, Exh. B.  Subsequently, on January 19, 2011, MERS recorded a Loan Modification Agreement, which modified the Deed of Trust to reflect that Pierce County changed the street address of the subject property.  Grant Decl, Exh. C.  Shortly thereafter, in October 2011, MERS recorded an Assignment of Deed of Trust, assigning to BONY "all beneficial interest under that certain Deed of Trust . . . together with the note(s) and obligations

---

[1] Plaintiffs' concurrent requests for rescission and an injunction on foreclosure activity are incompatible and expose the true purpose of this lawsuit—delay of a valid foreclosure of the subject property.

Motion to Dismiss - 2
Case No. 3:15−cv−05769-RBL
S1343283

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

therein described and the money due and to become due thereon . . ." Motion to Dismiss, Exh. D.

On or about November 27, 2012, Plaintiffs received correspondence indicating they were in default under the Deed of Trust. *See* Grant Decl., Exhibit E at ¶ 16. On or about May 24, 2013, Plaintiffs requested a referral to foreclosure mediation. *Id*. ¶ 24. An initial mediation session was scheduled for August 8, 2013. *Id*. ¶ 26. Plaintiffs allege the first two mediation sessions were conducted with a representative from BANA. *Id*. ¶ 27. Plaintiffs allege that subsequent mediation sessions were postponed due to an ongoing loan modification review by BANA. *Id*. ¶ 28. Plaintiffs allege that the servicing was ultimately transferred to Resurgent Capital Services, L.P. d/b/a Resurgent Mortgage Servicing ("Resurgent"). *Id*. ¶ 29. Thereafter, Shellpoint acquired Resurgent's loan servicing portfolio, and in April 2014, Shellpoint began servicing the loan. *See id*. ¶ 30. Shellpoint offered Plaintiffs a trial loan modification which Plaintiffs rejected. *Id*. ¶¶ 33-35.

On or about March 25, 2013, Plaintiffs filed their first complaint against BANA and BONY in March 25, 2013 ("First Complaint"). *See* Pierce County Case No. 13-2-07544-2, Dkt. #1; Western District Case No. 3:13-cv-05368-RBL, ECF 15. On or about October 3, 2014, Plaintiffs brought their second complaint for violations of the Deed of Trust Act and Foreclosure Fairness Act and the Consumer Protection Act against BANA, BONY, Shellpoint, and Resurgent ("Second Complaint"). *See* Grant Decl.*,* Exh. E (Pierce County Case No. 14-2-12817-2, Dkt. #1; Western District Case No. 3:14-cv-06027-RBL). On or about February 23, 2014, Plaintiff's Second Complaint was dismissed with prejudice. *See* Grant Decl.*,* Exh. F (Order Dismissing Litigation).

In their third Complaint, Plaintiffs now contend they are entitled to TILA rescission. Specifically, Plaintiffs allege that they sent a notice of rescission to BANA on or about September 23, 2010. Complaint ("Compl."), ¶ 5. Plaintiffs also allege that they sent a notice of rescission to Shellpoint on or about August 4, 2015. *Id.* ¶ 7. Plaintiffs allege that "more than twenty days have expired since the receipt" of the notices of rescission. *Id.* ¶ 8. As set forth in more detail below, these bare allegations are legally inconsequential.

Motion to Dismiss - 3
Case No. 3:15−cv−05769-RBL
S1343283

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

### III. LEGAL STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory, or where it presents a cognizable legal theory yet fails to plead essential facts to support that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984). The purpose of a Rule 12(b)(6) motion is "to allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993).

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal,* 556 U.S. 662, 664 (2009). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. Moreover, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not survive a motion to dismiss. *Id*. at 1949; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When it would be futile to amend the complaint's deficiencies, dismissal may be ordered with prejudice. *Dumas v. Kipp*, 90 F.3d 386, 393 (9th Cir. 1996).

### IV. LEGAL ARGUMENT

#### A. The Action Is Barred By The Doctrine Of Res Judicata

As a threshold matter, Plaintiffs' Complaint is barred by the doctrine of res judicata. The doctrine of res judicata bars the re-litigation of claims that were raised, or could have been raised, in a previous litigation that was resolved on the merits. *Martin v. Wilbert*, 162 Wash. App. 90, 94-95, 253 P.3d 108 (2011) ("No party may re-litigate claims and issues that were litigated, or might have been litigated, in a prior action." (citations omitted)). Res judicata prohibits plaintiffs from "claim-splitting." *Landry v. Luscher*, 95 Wash. App. 779, 782, 976 P.2d 1274, 1277 (1999). Therefore, "if an action is brought for part of a claim, a judgment obtained in the action precludes the plaintiff from bringing a second action for the residue of the claim." *Id.*

Res judicata applies "where a prior final judgment is identical to the challenged action in

Motion to Dismiss - 4
Case No. 3:15−cv−05769-RBL
S1343283

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

'(1) subject matter, (2) cause of action, (3) persons and parties, and (4) the quality of the persons for or against whom the claim is made.'" *Lynn*, 130 Wash. App. at 836, 125 P.3d 202 (quoting *Loveridge v. Fred Meyer, Inc.*, 125 Wash. 2d 759, 763, 887 P.2d 898 (1995)). In determining whether the causes of action are the same, the court will look to whether the second action would impair the same interest established in the first judgment, it involves substantially the same evidence, and arises from infringement of the same right and the same "nucleus of facts." *Landry*, 95 Wash. App. 779, 784. "The general doctrine is that the plea of res judicata applies not only to points upon which the court was actually required by the parties to form an opinion and pronounce judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence might have brought forward at the time." *Currier v. Perry*, 181 Wash. 565, 569, 44 P.2d 184, 185-186 (1935).

Here, Plaintiffs' claim for rescission is barred because it involve the same parties, subject matter, causes of action, and quality of parties as their Second Complaint. The subject matter of the Second Complaint and the instant action, Plaintiffs' property and home loan, are identical, as are the parties and their adversity to each other in each suit. Further, the causes of action asserted involve the same rights and nucleus of facts, namely the circumstances surrounding Plaintiffs' home loan and defendants' rights to foreclose upon that loan. Accordingly, Plaintiffs' Complaint is barred by the doctrine of res judicata and fails as a matter of law.

B.   **Plaintiffs Are Not Entitled To Rescission Under TILA**

Although Plaintiffs characterize their Complaint as a request for injunctive relief, they predicate their request on the right to rescind pursuant to TILA. Under 15 U.S.C. section 1635, "creditors are required to disclose rescission rights to their obligors and to inform them the right to rescind is open for three business days following the transaction. If no notice is given, a consumer has three years in which to rescind." *Parker v. Long Beach Mortg. Co.,* 534 F. Supp. 2d 528, 536 (E.D. Pa. 2008) (citing 15 U.S.C. §1635(a),(f), 12 C.F.R. § 226.23(a)(3)).

Here, Plaintiffs' claim for rescission must fail because (1) Plaintiffs' home loan does not qualify for rescission under Section 1635(e) and (2) the statutes of limitations have run on Plaintiffs' right to rescind in any event. Accordingly, Plaintiffs' Complaint fails in its entirety

Motion to Dismiss - 5
Case No. 3:15−cv−05769-RBL
S1343283

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

and should be dismissed with prejudice.

### 1. TILA Rescission Is Not Available For Plaintiffs' Purchase Money Loan

As a preliminary matter, Plaintiffs' claim for rescission fails because Plaintiffs' mortgage is not eligible for rescission. Section 1635(e) exempts "residential mortgage transactions" from TILA's rescission notice requirements or remedies. *See* 15 U.S.C. §1635(e). A "residential mortgage transaction" is defined as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(w).

Accordingly, "[t]here is no statutory right of rescission where the loan at issue involves the creation of a first lien to finance the acquisition of a dwelling in which the customer resides or expects to reside." *Saldate v.Wilshire Credit Corp.*, 268 F.R.D. 87, 95-96 (E.D. Cal. 2010) (citations omitted); *see also Watts v. Decision One Mortgage Co., LLC.*, 2009 U.S. Dist. LEXIS 19668, 2009 WL 648669, *4 (S.D. Cal. 2009) (dismissing with prejudice TILA rescission claim in that "while home equity loans and refinancing transactions would be amenable to rescission, Plaintiff's purchase money mortgage is not"); *Kamara v. Columbia Home Loans, LLC*, 654 F.Supp.2d 259, 2009 WL 2230733, *3 (E.D. Pa. 2009) ("Here, it is undisputed that the loan was obtained to finance the acquisition of the plaintiff's dwelling. Rescission therefore is not available for the loan at issue. This claim is dismissed.").

Here, Plaintiffs are not entitled to rescind their home loan because Plaintiffs' home loan is specifically excluded under Section 1635(e). Plaintiffs' pleadings conclusively establish that their loan was used to acquire their principal residence. *See* Grant. Decl., Exh. E at ¶¶ 8-9 ("Plaintiffs entered into a financial arrangement with Pierce Commercial Bank to purchase real property"); Grant Decl., Exh. A. As such, Plaintiffs' loan is a "residential mortgage transaction" exempt from TILA rescission. Plaintiffs' Complaint fails for this reason alone.

Motion to Dismiss - 6
Case No. 3:15−cv−05769-RBL
S1343283

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

### 2. Plaintiffs' Claim Is Barred By The Statute of Limitations

Moreover, Plaintiffs' action for rescission must fail because it is barred by the statute of limitations. Borrowers may rescind as a "matter of right within three business days after consummation of the loan." *Conder*, 680 F. Supp. 2d 1168, 1173; 15 U.S.C §1635(a); 12 C.F.R. 226.23(a)(3). If a lender fails to make a material disclosure, "the right to rescind is extended to three years." *Id.*; 15 U.S.C. § 1635(a),(f).

The Supreme Court in *Jesinoski v. Countrywide Home Loans, Inc*., 574 U.S. ___ (2014) (Slip Opinion), recently explained: "This regime grants borrowers an unconditional right to rescind for three days, after which they may rescind only if the lender failed to satisfy the Act's disclosure requirements. But this conditional right to rescind does not last forever. Even if a lender never makes the required disclosures, the "right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever comes first." *Id.* at p. 2 (citing 15 U.S.C. § 1635(f)) (emphasis added).

The "date of consummation" of the transaction is considered to be when the loan is created. *See, e.g.*, 12 C.F.R. § 226.2(a)(13) ("Consummation means the time that a consumer becomes contractually obligated on a credit transaction"); *See also O'Brien v. Aames Funding Corp.*, 374 F. Supp. 2d 764, 767 (D. Minn. 2005) ("A contractual obligation arises when a loan contract clearly binds the consumer.").

Further, the rescission period is not subject to equitable tolling. *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412, 118 S. Ct. (1998) (stating that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period," even if a lender failed to make the required disclosures).

Despite Plaintiffs' failure to allege the date of the loan consummation in their Complaint, it is clear from their Second Complaint and the Deed of Trust that the loan was consummated no later than October 28, 2005. *See* Grant. Decl., Exh. E at ¶¶ 8-9; Grant Decl., Exh. A. Plaintiffs now allege that they sought rescission with Shellpoint on August 4, 2015, nearly ten years after the consummation of the loan.

Motion to Dismiss - 7
Case No. 3:15−cv−05769-RBL
S1343283

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

Plaintiffs' allegations fail as a matter of law. Indeed, Plaintiffs do not allege a material violation of Section 1635(a), and thus, the statute of limitations on their purported right to rescind ran three days after the consummation of the loan. Moreover, even assuming *arguendo* that the three-year statute of limitations applies, Plaintiffs last day to seek rescission was October 28, 2008. Accordingly, the purported rescission notice that Plaintiffs mailed to Shellpoint in 2015 is **seven years late**. Accordingly, Plaintiffs' claim for TILA rescission is barred by the statute of limitations and fails as a matter of law.

## V.   CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court grant this motion in its entirety. Because there is no reasonable possibility that Plaintiffs can cure the defects in their Complaint by amendment, this motion should be granted with prejudice.

DATED: April 8, 2016.

        DONALD G. GRANT, P.S.

        */s/ Donald G. Grant*
        DONALD G. GRANT, WSBA#15480
        Of Counsel for Defendants Resurgent Capital Services d/b/a Resurgent Mortgage Servicing, New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing, and The Bank of New York Mellon f/k/a The Bank of New York as Trustee for the Certificate Holders of the CWABS, Inc., asset-backed Certificates, Series 2005-AB5

        Donald G. Grant, P.S.
        Attorneys and Counselors at Law
        Washougal Town Square, Suite 245
        1700 Main Street
        Washougal, WA 98671
        TEL: (360) 694-8488
        CELL: (360) 907-3094
        FAX: (360) 694-8688
        E-MAIL: don@dongrantps.com

Motion to Dismiss - 8
Case No. 3:15−cv−05769-RBL
S1343283

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of April, 2016,

1. I caused to be electronically filed the foregoing DEFENDANT NEW PENN FINANCIAL, LLC D/B/A SHELLPOINT MORTGAGE SERVICING'S MOTION TO DISMISS with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Steven J. Dixson: sjd@witherspoonkelley.com; aliciaa@witherspoonkelley.com
Daniel J. Gibbons: djg@witherspoonkelley.com; leer@witherspoonkelley.com
Jill J. Smith: jill.smith@naturalresourcelawgroup.com and jjsattorney@gmail.com

2. I hereby certify that I have mailed by United States Postal Service the foregoing document to the following non-CM/ECF participants at the address listed below (email address supplied at request of court, not used for service):  **None**.

3. I hereby certify that I have mailed by United States Postal Service the document to the following CM/ECF participants at the address listed below:  **None**.

4. I hereby certify that I have hand-delivered the document to the following participants at the addresses listed below: **None**.

*/s/ Donald G. Grant*
DONALD G. GRANT, WSBA#15480
Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Suite 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
CELL: (360) 907-3094
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com

Motion to Dismiss - 9
Case No. 3:15−cv−05769-RBL
S1343283

Donald G. Grant, P.S.
Attorneys and Counselors at Law
Washougal Town Square, Ste 245
1700 Main Street
Washougal, WA 98671
TEL: (360) 694-8488
FAX: (360) 694-8688
E-MAIL: don@dongrantps.com