HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LAURENCE N. BURTON and JANET K. BURTON,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA, N.A., *et al.*,<br><br>Defendants. | CASE NO. C15-5769-RBL<br><br>ORDER GRANTING MOTION TO DISMISS<br><br>[DKT. #8] |

THIS MATTER is before the Court on the Defendant Banks'[1] Motion to Dismiss [Dkt. #8]. Plaintiffs Burton borrowed the funds to purchase a home in 2005, and secured their promise to repay that loan with a deed of trust on the home. No foreclosure has been commenced, though Defendant Shellpoint sent the Burtons a Notice of Default in August 2014.

Nevertheless, this is the third lawsuit the Burtons have filed in an effort to stave off foreclosure or avoid re-paying the loan. The first (2013) was dismissed without prejudice by the Pierce County Superior Court, and the second (2014) was dismissed with prejudice by this Court. [*See Burton v. Bank of America, et al.*, Cause No. 14-cv-6027 RBL, Dkt. # 17].

---

[1] The moving Defendants are Bank of America, N.A., and Bank of New York Mellon.

ORDER GRANTING MOTION TO DISMISS - 1

This third case involves the Burtons' claim that they effectively rescinded[2] the loan in August, 2015, by sending their current servicer and creditor a notice of rescission under the Truth in Lending Act:

> WE HEREBY EXERCISE OUR RIGHTS TO RESCIND THE ABOVE REFERENCED LOAN TRANSACTION IN ITS ENTIRETY PURSUANT TO THE PROVISIONS OF THE TRUTH IN LENDING ACT, 15 U.S.C. §1635 AND *JESINOSKI v. COUNTRYWIDE*, 135 S. Ct. 790 (2015). UNDER STATE AND FEDERAL LAW, THE MORTGAGE IS NOW EXTINGUISHED AND YOUR RIGHTS UNDER THE DEED OF TRUST HAVE TERMINATED.
>
> We hereby rescind the above referenced loan and/or declare it to be null and void. You have no further rights to the deed of trust or collection activities on the promissory note.

[Dkt. #1-1]. They seek injunctive relief in the form of an order requiring the Banks to cancel and return their promissory note, release any lien or deed of trust on the property, and refund the Burtons' loan fees.

The Banks argue that the Burtons' "rescission claim" could have been litigated in the prior lawsuit between the same parties regarding the same subject matter, and that the current claim is barred by *res judicata*. They also argue that the Burtons' TILA rescission claim is facially time-barred, because the loan closed ten years ago and the rescission period is a maximum of three years, even if the other rescission prerequisites were satisfied (which they are not).

The Burtons argue that because they had not yet sent their notice of rescission, they could not have sought rescission in their prior lawsuit. Therefore, they claim, *res judicata* does not apply. They also argue that the Banks were obligated to respond to the notice of rescission within 20 days, and that because they did not, the rescission is a *fait accompi*: the note and the deed of

---

[2] The Burtons' complaint also alleges that they send a different "Notice of Rescission" in September, *2010* —before either of their prior lawsuits. [Dkt. #1 at 2, para. 6]. That "Presentment Letter" is attached to the Complaint as Exhibit B. [Dkt. #1-2].

trust securing it are no longer in effect. They claim this is the result regardless of the timing of their rescission notice, and suggest that there may be some question as to whether the loan was actually "consummated" at all, and thus to whether the three year limitations period ever commenced in the first place.

**A.  Rule 12(b)(6) Standard.**

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242,

247 (9th Cir. 1990).  However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend.  *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

**B.  The Burtons' claims are barred by *res judicata*.**

In 2014, the Burtons sued in this Court, claiming that the Banks and the loan servicers had violated the Deed of Trust Act and the Foreclosure Fairness Act, and, in turn Washington's Consumer Protection Act, in their conduct related to the same loan, note and deed of trust that are the subject of this case. On the Defendants' Motion, that case was dismissed with prejudice. *See Burton v. Bank of America, et al.*, Cause No. 14-cv-6027 RBL, Dkt. # 17].

The doctrine of *res judicata* precludes re-litigation of claims that were raised in a prior action, as well as those which *could have been* raised there.  *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). An action is barred by *res judicata* when an earlier suit: (1) involved the same claim or cause of action as the later suit; (2) involved the same parties; and (3) reached a final judgment on the merits.  *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).

Each of these elements is present here. The Burtons sued these same parties, regarding the same subject matter, in 2014—four years *after* they claim they first sought "rescission" and nine years after their loan closed, the deed of trust was recorded, and they moved into their home. Their claim that they "could not have" sought rescission in 2014 because they had not yet sought to rescind is flatly inconsistent with their current claim that they notified their lenders of their intent to rescind in 2010. The rescission claim could have been brought in that earlier case. The Burtons cannot split their claims. *See Landry v Luscher*, 95 Wn. App. 779. 780 (1999).

The 2014 suit involved the same parties and the same subject matter, and was adjudicated on the merits. *Res judicata* bars this claim as a matter of law, and that legal conclusion cannot be altered by any conceivable amendment to their current complaint.

**C.  The Burton's TILA rescission claim is facially time barred.**

TILA provides an unconditional right to rescind within three days of the loan closing, and a conditional right to rescind within three years of the closing. The longer period applies only if the lender failed to make certain material disclosures—which the Burtons have not alleged is the case here.  Despite the Burtons' existential query about whether their loan was ever "actually consummated," it is clear that they have lived in the home for more than ten years and that the deed of trust they gave as security for their promise to re-pay the loan was recorded ten years ago. The Supreme Court's *Jesinoski* decision—quoted by the Burtons—reiterates that while the three year limitation period may not apply to the commencement of an action, it absolutely applies to the time frame for sending a rescission notice:

> The language [of §1635(a)] leaves no doubt that rescission is effected when the borrower notifies the creditor of his intention to rescind. It follows that, so long as the borrower notifies **within three years after the transaction is consummated**, his rescission is timely. The statute does not also require him to sue within three years.

*Jesinoski v. Countrywide Home Loans, Inc.,* 135 S. Ct. 790, 792 (2015) (emphasis added).

The Burtons' loan was consummated in 2005.  Their conditional right to rescind expired in 2008—seven years before they sent the notice upon which this action relies, and two years before the 2010 "Presentment Letter" they now claim was an attempt to rescind:

> 6. On September 23, 2010, Plaintiffs also sent a notice of rescission pursuant to TILA, a copy of which is attached hereto as "Exhibit B."

[Dkt. #1 at 2, para. 6].

1 | The Burtons' final argument is that, regardless of its timeliness, their rescission notice
2 | triggered an affirmative duty on the part of the Banks to either agree that it was effective, or
3 | commence a lawsuit to establish that it was not, within 20 days. They do not even address the
4 | fact that rescission requires them to tender back the proceeds of the loan; they claim that the
5 | Banks failure to timely respond to their facially time-barred notice means that the loan is a
6 | nullity and they get to keep, literally, a free house.
7 | There is no legal or logical support for this position.
8 | The Banks' Motion to Dismiss is GRANTED and the Burtons' claims against them are
9 | DISMISSED with prejudice and without leave to amend.
10 | IT IS SO ORDERED.
11 | Dated this 5th day of May, 2016.

Ronald B. Leighton
United States District Judge